[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case has to do with a lease agreement entered into by the parties on September 20, 1999, in which the plaintiff was the lessor and the defendants Tara Giest and Jessica Williamson were the lessees. Mary Evert is the mother of Tara Giest, one of the tenants and one of the defendants. She is the manager of the New London Mall and she agreed to reimburse the landlord for any damages that her daughter may have caused. The plaintiff claims that the defendants Tara Giest and Jessica Williamson left the property in a damaged condition necessitating repairs and that the damaged condition of the property prevented her from rerenting the premises for eight months.
The defendants paid a $600.00 security deposit prior to their occupancy which the plaintiff retained along with security deposit interest of $41.41.
The defendants deny any significant damage to the apartment and denied if there was any damage that the slight amount of damage they may have caused prevented the plaintiff from rerenting the premises.
The defendants sued the plaintiff in Small Claims Court for the return of their deposit. The plaintiff in this case claimed that they did not give her a proper forwarding address and did not pay for damages and she was entitled to retain the $600.00 deposit to pay for the damages.
The Small Claims magistrate agreed with the plaintiff and allowed her to keep the $600.00 deposit. The plaintiff also filed a counterclaim in the small claims action in the amount of $183.72. She claims that that amount after deducting the $600.00 security and the $41.41 in interest that there was still a total amount of damages to the property in the amount of $183.72.
In this case, presently before the court, the plaintiff, Czapski, is claiming damages of $11,000.00 plus or minus a few dollars. The biggest part of her claim is loss rental income of eight months from November, 2000 to June, 2001 in the amount of $4,800.00 and damage to a carpet in the amount of $1,541.00 and wallpaper and painting in the amount of $1,097.10.
Also, on April 17, 2000, the plaintiff wrote a letter to both defendants claiming that they owed her damages in the total amount of $131.00. In her counterclaim dated March 21, 2001, she claimed they owed her $183.72. In the Small Claims action, she withdrew the counterclaim telling the court that she realized her claim was worth more than the CT Page 15941-ch amount she had claimed in her counterclaim and that she wished to pursue the counterclaim in Superior Court. Also, on December 20, 2000, she wrote to Jessica Williamson claiming that she owed a balance of $49.32 for repairs to the building.
The plaintiff produced many photographs purporting to show damage to the carpeting and the walls. The defendants looked at the same photographs and said that they did not show damage which were allegedly caused by cigarette burns for the most part. The court also looked at the photographs and could not determine what damage there was if any to the carpeting and walls. The defendant, Mary Evert, requested that the plaintiff permit her to take a walk through the apartment with her so that they could examine the apartment for damages. The plaintiff claimed she was unable to spare the time to do this and claimed Ms. Evert requested this only once. Evert claimed that she called several times and that the plaintiff always refused a walk through. Evert claimed that she did examine the apartment with her daughter and saw no damage to the rugs or the walls.
The court finds that the defendants in this case were the more credible witnesses. It also finds that in view of the plaintiff Czapski's counterclaim alleging that she was only owed $183.72 in March, 2001 long after the defendants vacated the apartment, that she is not at all credible when she comes into court November 6, 2001 claiming over $11,000.00 in damages to the apartment. The court believes the plaintiffs that there was no significant damage to the apartment and that certainly no damage over and above the $600.00 deposit that was retained by the defendant. The court also finds that the plaintiff is not credible when she claims she was unable to lease the apartment for eight months because of the damages to it.
Accordingly, in this case the court finds the issues for the defendants, namely that there were no damages caused by the defendants over and above the $600.00. The court also finds that the plaintiff could have rented the apartment and was not prevented from doing so because of the damage allegedly caused by the defendants. Finally, the plaintiff was fully compensated by retaining the $600.00 deposit. Therefore, the court finds the issues for the defendants as against the plaintiff and enters judgment for the defendants.
D. Michael Hurley, Judge Trial Referee